**Richard D. HEERDT, Jr., Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–1398.

United States Court of Veterans Appeals.

Submitted Oct. 11, 1991.

Decided Nov. 12, 1991.

Andrew H. Marshall (non-attorney practitioner), Washington, D.C., was on the pleadings, for appellant.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Jacqueline M. Sims, Washington, D.C., were on the pleadings, for appellee.

Before MANKIN, Associate Judge.

## MEMORANDUM DECISION

MANKIN, Associate Judge:

Appellant seeks review of a July 31, 1990, Board of Veterans' Appeals (Board) decision which discontinued appellant's total rating based on individual unemployability for a service-connected back condition and for service-connected hypertension. The Court has jurisdiction of the case pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)).

Both parties agree that the Regional Office (RO) failed to take into account 38 C.F.R. § 3.343(a), (c) and 3.344(a) (1991) in rendering its decision. Appellant further contends that the failure by the RO to take into account the aforementioned regulations renders its decision, as well as the Board's decision, void *ab initio* as not in accordance with the law, thus requiring retroactive reinstatement of appellant's 100 percent rating to June 1, 1989. Upon consideration of the Secretary's motion for remand based on various grounds, the appellant's opposition to that motion, and the appellant's brief addressing this issue, the Court agrees with the appellant. Summary reversal is appropriate. *See Swan v. Derwinski*, 1 Vet.App. 386 (1991); 38 U.S.C. § 7261(a)(3)(D) (formerly § 4061); 38 C.F.R. § 3.105(a) (1990).

Therefore, the Secretary's motion for remand is GRANTED on a different basis

than those asserted. The March 10, 1989, rating decision of the Regional Office and the July 31, 1990, decision by the Board are REVERSED, and the case is REMANDED with instructions that the appellant's former disability rating of 100 percent and the corresponding benefits for his back and hypertension shall be retroactively reinstated to June 1, 1989, the effective date of the unlawful reduction.